SUCCESSION OF CATHARINE L. McNEIL—J. D. MIX, Administrator, *v.*
W. J. JOHNSON.

It is the duty of an administrator to proceed against his delinquent predecessor in the administration.

Where an administrator properly sues in that capacity, his allegation of another quality in himself than that of administrator, may be treated as surplusage.

Neither the validity nor the necessity of proceedings in the Court of Probate, for the appointment of an administrator, can be drawn into question collaterally, by a debtor of the succession.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Bonford*, for plaintiff. *Durant*, curator *ad hoc*, for appellant.

BUCHANAN, J. *James D. Mix*, administrator of this succession, has proceeded against the former administrator, *William J. Johnson*, who has absconded, for an account. The District Court appointed a curator *ad hoc* to represent *Johnson*; and the curator appeals from a judgment, condemning the former administrator to pay to the present one, in his capacity, the sum of two thousand one hundred and eighty-one dollars, with interest.

The appellant assigns for error in this judgment:

1st. That no proof was offered of the heirship of certain parties, of whom the appellee professes to be attorney in fact.

2d. That the appellee's quality of *attorney in fact of those parties has ceased*.

3d. That the heirs of this estate are present and represented, and consequently there is no need of an administrator.

It is true, the appellee styles himself in his rule, not only administrator, but attorney in fact of the heirs. His quality of administrator is undisputed, and not only he had the right, but it was his duty to proceed against his delinquent predecessor in the administration. His allegation of another quality in himself than that of administrator of the estate, may therefore be treated as surplusage, for the purposes of this proceeding; and the heirship of the parties

SUCCESSION OF   named in the rule is immaterial.   This disposes of the two first grounds of
McNEIL.
error.

Upon the third ground, we are of opinion that the validity or necessity of
the proceedings in the Court of Probates for the appointment of an administra-
tor, cannot be drawn into question, collaterally, by a debtor of the succession.
Besides, there is no proof in the record that the heirs of this estate are pre-
sent ; nor if represented, that they are represented by any other person than
the administrator; whose right to represent them is directly put at issue by
the appellant.

Judgment affirmed, with costs.